
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MUNJE BETTY FOH<br>1545 N FAULKLAND LN APT 224<br>SILVER SPRING, MD 20910 | ) ) ) | |
| Plaintiff, | ) ) | Civ. Action No. 14 cv 928 |
| v. | ) ) | |
| MARGARET M. CHASE, MICHAEL C. TALIERCIO<br>ROSSABI BLACK SLAUGHTER PA<br>ATTORNEYS AT LAW, OAKBROOKE<br>PROPERTY OWNERS ASSOCIATION, INC. | ) ) ) ) | |
| Defendants, | ) ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF <u>PLAINTIFF'S</u> <u>RESPONSE TO DEFENDANT OAKBROOKE'S MOTION TO STRIKE</u>

COMES NOW Plaintiff, Munje Foh ("Foh"), *Pro Se*, and respectfully submits this

Memorandum of Points and Authorities in Support of her Motion to Amend her Complaint and

for cause states the following:

### I.    STATEMENT OF THE CASE

Plaintiff Munje Betty Foh (hereinafter "Plaintiff") filed a Motion for Leave to Amend

Complaint which was granted by Order dated May 13, 2015.  The Order, further directed that

"Plaintiff shall file and serve her first Amended Complaint within ten (10) days of this Order."

Plaintiff served her amended complaint on May 26, 2015 and the complaint was filed by the

clerk on May 28, 2015.  Defendant Oakbrooke (hereinafter "Defendant") contends that the Order

was entered electronically on May 12, 2015 and that the Plaintiff's failure to serve and file her

amended complaint by May 22, 2015 constituted failure to comply with the Order and that their

2

consequent motion to strike should be granted. Plaintiff contends that the Defendant's motion is not supported by fact or law and should be denied.

## II. ARGUMENT

M.D.N.C. R. 5.3 (a)(1)(f) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina makes clear that pro se litigants are exempted from the requirement of electronic filing. Plaintiff is not a member of the Bar of the Middle District of North Carolina and Plaintiff has not made a request to the Court to allow use of the electronic filing system for this case as would be necessary to be eligible for electronic filing pursuant to M.D.N.C. R. 5.3 (c)(2). Accordingly, Defendant served Plaintiff with the May 13, 2015 Order via mail. Fed. R. Civ. P. 6(a)(1) sections (a), (b) and (c) provide that when a period is stated in days or a longer period of time one must "exclude the day of the event that triggers the period, count every day, including intermediate Saturdays, Sundays and legal holidays; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Furthermore, Fed. R. Civ. P. 6(d) provides that when service is made by mail under Fed. R. Civ. P. 5(b)(2)(C) three days are added after the period would otherwise expire.

Because the local rule does not allow *Pro Se* Plaintiff's to file electronically absent special permission and Plaintiff has not sought permission for electronic filing, the May 13, 2013 Order was served upon Plaintiff by mail in accordance with Fed. R. Civ. P. 5(b)(2)(C). The Order is dated May 10, 2013 and then tenth day after that date is May 23, 2015, a Saturday. The ten day period continued to run until May 26, 2015 as it is "the next day [after May 23, 2015] that is not a Saturday, Sunday or legal holiday." Fed. R. Civ. P. 6(a)(1)(c). Additionally, Fed. R. Civ. P. 6(d) adds three days to the period because the motion was served via mail making the last

Case 1:14-cv-00928-WO-JEP   Document 33   Filed 06/30/15   Page 2 of 4

day to serve and file the amended complaint May 29, 2015. Plaintiff served the complaint on all parties by depositing a copy of the same in the mail on May 26, 2015. Defendant notes that the Court filed the amended complaint on May 28, 2015, which is prior to the expiration of the prescribed period on May 29, 2015.

Defendant is represented by counsel. It does not appear that Defense counsel made this motion in error. Fed. R. Civ. P. 11(b)(1) prohibits filing a pleading for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and Fed. R. Civ. P. 11(b)(2) requires that the legal contentions within the pleading be "warranted by existing law."

Plaintiff submits that her amended complaint was filed in accordance with the local and Federal Rules of Civil Procedure and that Defendant has asserted no legal justification by which their motion to strike should be granted. Accordingly, Plaintiff's asks that Defendant's motion be denied and that the Court grant any other relief deemed necessary and proper.

## CONCLUSION

For reasons stated herein, this court should deny the Defendant's motion to strike.

Respectfully submitted this 27th day of June 2015

Munje B. Foh
*Pro Se*

4

| | |
|---|---|
| MUNJE BETTY FOH<br>1545 N FAULKLAND LN APT 224<br>SILVER SPRING, MD 20910 <br><br>Plaintiff,<br>v.<br><br>MARGARET M. CHASE, MICHAEL C. TALIERCIO<br>ROSSABI BLACK SLAUGHTER PA<br>ATTORNEYS AT LAW, OAKBROOKE<br>PROPERTY OWNERS ASSOCIATION, INC.<br><br>Defendants, | )<br>)<br>)<br>) **Certificate of Service**<br>) Civ. Action No. 14cv928<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I, **Munje Foh**, Petitioner **pro se**, certify that on the the _27th_ day of _June_, 2015 a copy of the preceding Response to Defendant's Motion to Strike Amended Complaint was served upon counsel for the opposing party by depositing a copy of same in the United States certified mail with prepaid, first-class postage, return receipt requested and addressed as follows:

Jennifer Reutter & Emily Meister
Rossabi Black Slaughter, PA
Attorneys at Law
PO Box 41027
Greensboro, NC 27404-1027

Camilla DeBoard & Kenneth B. Rotenstreich
Teague, Rotenstreich, Stanaland, Fox & Holt, P.L.L.C.
P.O. Box 1898
Greensboro, N.C. 27402-1898

This the _27TN_ day of _June_, _2015_

BY: _[signature]_

Munje B. Foh
1545 N. Faulkner Ln. Apt 224
Silver Spring MD 20910
Phone: 704-574-4241
Email: munjebfoh@gmail.com