IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:14-cv-00928

| | |
|---|---|
| MUNJE BETTY FOH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| MARGARET M. CHASE, MICHAEL C. | ) |
| TALIERCIO, ROSSABI BLACK | ) |
| SLAUGHTER, P.A., ATTORNEYS AT | ) |
| LAW, OAKBROOKE PROPERTY | ) |
| OWNERS ASSOCIATION, INC., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendants Margaret M. Chase ("Defendant Chase"), Michael C. Taliercio ("Defendant Taliercio") and Rossabi Black Slaughter, P.A. ("RBS") (collectively, the "RBS Defendants"), by and through counsel, hereby respond to Plaintiff's Amended Complaint as follows:

1.      The allegations set forth in Paragraph 1 of the Amended Complaint call for a legal conclusion and, therefore, no response is required.

2.      The allegations set forth in Paragraph 2 of the Amended Complaint call for a legal conclusion and, therefore, no response is required.

3.      The allegations set forth in Paragraph 3 of the Amended Complaint call for a legal conclusion and, therefore, no response is required.

4.      It is admitted that the RBS Defendants are "located" in the Middle District of North Carolina.  The remaining allegations set forth in Paragraph 4 of the Amended Complaint call for a legal conclusion and, therefore, no response is required.

5.      It is admitted that Plaintiff is the owner of real property located at 6007 Twin Brook Drive, Charlotte, North Carolina 28269 (the "Property"). It is further admitted, upon

information and belief, that Plaintiff currently resides at 1545 Faulkland Lane, Apt. 224, Silver Spring, Maryland 20910. The RBS Defendants lack sufficient knowledge or information to form an opinion as to the truth or falsity of the remaining allegations contained in Paragraph 5 of the Amended Complaint and, therefore, the same are denied.

6.      It is admitted that Defendant Chase resides within the territory encompassed by the Middle District of North Carolina and is an attorney licensed to practice law within the State of North Carolina.  It is further admitted that Defendant Chase previously practiced law with Defendant RBS and is now at Higgins Benjamin, PLLC.  Finally, it is admitted that Defendant Chase represented Defendant Oakbrooke Property Owner's Association, Inc. ("Defendant") with regard to delinquent due owed by Plaintiff.  Any and all remaining allegations contained in Paragraph 6 of the Amended Complaint are denied.

7.      It is admitted that Defendant Taliercio resides within the territory encompassed by the Middle District of North Carolina.  It is further admitted that that Defendant Taliercio is an attorney licensed to practice law within the State of North Carolina and that he is employed by Defendant RBS.  Finally, it is admitted that Defendant Taliercio represented Defendant Oakbrooke with regard to the delinquent dues owed by Plaintiff.  Any and all remaining allegations contained in Paragraph 7 of the Amended Complaint are denied.

8.      It is admitted that Defendant RBS is a law firm providing services and assistance to clients with a variety of legal needs.  It is further admitted that RBS' principal office and registered agent are located in Greensboro, North Carolina within the territory for the Middle District of North Carolina.  Any and all remaining allegations contained in Paragraph 8 of the Amended Complaint are denied.

9. It is denied that Defendant Oakbrooke engages in debt collection. All remaining allegations contained in Paragraph 9 of the Amended Complaint are admitted.

10. It is admitted that Plaintiff seeks damages against Defendants as alleged in Paragraph 10; however it is denied that Defendants engaged in any violations of the Fair Debt Collection Practices Act ("FDCPA") or that Plaintiff is entitled to any relief. It is specifically denied that Defendant Taliercio engaged in any written communication with Plaintiff at any time. It is admitted that Defendants RBS and Chase served on Plaintiff, who is herself a licensed attorney, written Notice of Postponement of Foreclosure Sale on December 10, 2013, as required by N.C. Gen. Stat. § 45-21.21. It is further admitted that no formal notice of appearance had been made by counsel for Plaintiff on December 10, 2013. It is admitted that Plaintiff's attorney consented to the RBS Defendants' communicating directly with Plaintiff prior to January 13, 2014, as shown by the emails attached hereto as Exhibit 1 and incorporated herein by reference. Any and all remaining allegations contained in Paragraph 10 of the Amended Complaint are denied.

11. The allegations contained in Paragraph 11 of the Amended Complaint are not directed at the RBS Defendants, therefore, no response is required. To the extent a response is required, denied.

12. It is admitted, upon information and belief, that Plaintiff purchased the Property in June 2005 and that she maintained continuous ownership of the same until on or about February 24, 2014, when the Property was sold at a foreclosure sale. It is further admitted, upon information and belief, that title to the Property was transferred back to Plaintiff by Defendant

3

Oakbrooke in or around June or July 2015. Any and all remaining allegations contained in Paragraph 12 of the Amended Complaint are denied.

13.     Denied.

14.     It is admitted, upon information and belief, that Plaintiff received mailed notice of homeowner's regular assessments being due in 2007. It is further admitted, upon information and belief, that Plaintiff informed Defendant Oakbrooke that she believed she purchased her home prior to the existence of Defendant Oakbrooke and, therefore, believed she did not owe any assessments. All remaining allegations contained in Paragraph 14 of the Amended Complaint are denied.

15.     It is admitted, upon information and belief, that Plaintiff relocated to Raleigh, North Carolina. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Amended Complaint, therefore, the same are denied.

16.     It is admitted that, in December 2013, Mario French was a Board Member of Defendant Oakbrooke and lived adjacent to the Property such that both driveways were situated in plain view of each other. All remaining allegations contained in Paragraph 16 of the Amended Complaint are denied.

17.     The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint, therefore, the same are denied.

18.     It is admitted, upon information and belief that Plaintiff moved to Landover, Maryland. The RBS Defendants lack knowledge or information sufficient to form a belief as to

4

the truth of the remaining allegations contained in Paragraph 18 of the Amended Complaint, therefore the same are denied.

19.     The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint, therefore, the same are denied.

20.     The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, therefore, the same are denied.

21.     It is admitted that Defendant Chase was an attorney at RBS and that Defendants RBS and Chase provided legal services and representation to Defendant Oakbrooke.  The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Amended Complaint, therefore, the same are denied.

22.     It is admitted and asserted that written notice of legal action was provided or directed to Plaintiff at the addresses known to Defendant Oakbrooke and by posting prior to November 29, 2014.  The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Amended Complaint, therefore, the same are denied.

23.     It is specifically denied that the RBS Defendants, or any of them, at any time prior to the filing of Plaintiff's Motion to Set Aside Foreclosure Sale, Order and Lien on or about September 22, 2014 had access to any tax returns of Plaintiff purportedly filed with the State of North Carolina.  It is further denied that the RBS Defendants, or any of them, at any time prior to

Plaintiff's filing of said motion had any knowledge that taxes for the Property were escrowed into Plaintiff's mortgage payments or where Plaintiff received her mortgage statements related to the Property. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Amended Complaint, therefore, the same are denied.

24.     It is admitted that Defendant Oakbrooke, through Defendants RBS and Chase as Defendant Oakbrooke's acting counsel, placed a lien on the Property and that a foreclosure sale was scheduled pursuant to North Carolina law. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Amended Complaint, therefore, the same are denied.

25.     It is admitted that, on December 2, 2013, Plaintiff spoke with Defendant RBS employee Areesah Baker. It is further admitted that, during said conversation, Plaintiff provided her phone number and email address; Plaintiff also asked that copies of all foreclosure paperwork sent to the Property be emailed to her and that Defendant Chase contact her, which Defendant Chase did later that day. All remaining allegations contained in Paragraph 25 of the Amended Complaint are denied.

26.     The Declaration of Covenants, Conditions and Restrictions for Oakbrook Subdivision (the "Declaration") speaks for itself and is the best evidence of its contents. To the extent that any of the allegations contained in Paragraph 26 of the Amended Complaint are contrary to the language of the Declaration, denied.

27.     Admitted.

28.     It is admitted that, on or about December 2, 2013, Defendant Chase returned the phone call of Plaintiff. Any and all remaining allegations contained in Paragraph 28 of the Amended Complaint are denied.

29.     It is admitted, upon information and belief, that Plaintiff retained Roger McCalman ("Attorney McCalman") of the Mosely Law Firm to represent her.  The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Amended Complaint and, therefore, the same are denied.

30.     It is admitted that Defendant Oakbrooke instituted a foreclosure action against the Property pursuant to N.C. Gen. Stat. §47F-3-116(b), which statute speaks for itself.  The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Amended Complaint and, therefore, the same are denied.

31.     To the extent that the allegations contained in Paragraph 31 of the Amended Complaint relate or refer to the RBS Defendants, or any of them, denied.

32.     It is admitted that an Affidavit of Service, Posting, Military Service, Record Ownership and Efforts of Loss Mitigation ("Affidavit of Service") was filed on behalf of Defendant Oakbrooke through Defendants RBS and Defendant Chase, as counsel for Defendant Oakbrooke, which document speaks for itself and is the best evidence of its contents. To the extent that any of the allegations contained in Paragraph 32 of the Amended Complaint are contrary to the language of the Affidavit of Service, denied.

7

33.     To the extent that the allegations contained in Paragraph 33 of the Amended Complaint relate or refer to the RBS Defendants, or any of them, denied.

34.     Admitted.

35.     It is admitted that the RBS Defendants received permission from Attorney McCalman to communicate directly with Plaintiff, who is herself a licensed attorney, as shown in Exhibit 1 attached hereto and incorporated herein by reference.  It is further admitted that Plaintiff was provided with required notices related to the foreclosure.  Any and all remaining allegations contained in Paragraph 35 of the Amended Complaint are denied.

36.     It is admitted that the RBS Defendants received permission from Attorney McCalman to communicate directly with Plaintiff, who is herself a licensed attorney, as shown in Exhibit 1 attached hereto and incorporated herein by reference.  It is further admitted that N.C. Gen. Stat. § 45-21, *eq. seq.* requires that the record owner of the Property must be served with notices in a foreclosure proceeding and that copies of the Notice of Postponement were sent accordingly to all possible addresses then known for Plaintiff, as well as to Attorney McCalman, even though no formal notice of appearance had yet been filed for Attorney McCalman in the proceedings.  Any and all remaining allegations contained in Paragraph 36 of the Amended Complaint are admitted.

37.     It is admitted that the RBS Defendants received permission from Attorney McCalman to communicate directly with Plaintiff, who is herself a licensed attorney, as shown in Exhibit 1 attached hereto and incorporated herein by reference.  It is further admitted that N.C. Gen. Stat. § 45-21, *et. seq.* requires that the record owner of the Property must be served with notices in a foreclosure proceeding and that copies of the Notice of Postponement were sent

8

accordingly to all possible addresses then known for Plaintiff, as well as to Attorney McCalman, even though no formal notice of appearance had yet been filed for Attorney McCalman in the proceedings. Any and all remaining allegations contained in Paragraph 37 of the Amended Complaint are admitted.

38. Denied.

39. It is admitted that Attorney McCalman attempted to negotiate a settlement with Oakbrooke through Defendants RBS and Chase. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended Complaint, therefore, the same are denied.

40. It is denied that Defendant Chase failed to communicate at any time with Attorney McCalman in a timely manner. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Amended Complaint, therefore, the same are denied.

41. It is admitted that a foreclosure sale was scheduled for February 24, 2014. It is denied that Defendant Chase failed to communicate in a timely manner with Attorney McCalman. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Amended Complaint, therefore, the same are denied.

42. It is admitted that Defendant Chase sent an email to Attorney McCalman on or about February 24, 2014, which is attached to the Amended Complaint as Exhibit M. The email speaks for itself and is the best evidence of its contents. To the extent that any of the allegations

9

contained in Paragraph 42 of the Amended Complaint are contrary to the language of the email, denied.

43.     The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint, therefore, the same are denied.

44.     It is admitted that Defendant Chase mailed a Report of Foreclosure Sale to Attorney McCalman and Plaintiff, which is attached to the Amended Complaint as Exhibit L and is the best evidence of its contents, in compliance with N.C. Gen. Stat. § 45-21, *et. seq.*, which requires that the record owner of the property receive notification relating to the foreclosure proceeding. To the extent that any of the allegations contained in Paragraph 44 of the Amended Complaint are contrary to the language of the Report of Foreclosure Sale, denied.  It is further admitted that the RBS Defendants had received permission from Attorney McCalman to communicate directly with Plaintiff, who is herself a licensed attorney, as shown in Exhibit 1 attached hereto and incorporated herein by reference.   Any and all remaining allegations contained in Paragraph 44 of the Amended Complaint are denied.

45.     It is denied that the foreclosure sale of the Property was conducted on January 13, 2014 or that the ten day upset bid period had concluded before Defendant Chase sent the February 24, 2014 email communication proposing a settlement. It is admitted that the foreclosure sale was conducted on February 24, 2014, and that the Report of Foreclosure Sale, which was sent to Plaintiff and Attorney McCalman, contained a typo regarding the date of the foreclosure sale.  Any and all remaining allegations contained in Paragraph 45 of the Amended Complaint are denied.

10

46.     It is admitted that, on February 21, 2014, Attorney McCalman filed a Motion to Set Aside.  It is further admitted that, on February 28, 2014, Attorney McCalman prepared a Notice of Motion requesting an April 12, 2014 hearing.  Any and all remaining allegations contained in Paragraph 46 of the Amended Complaint are denied.

47.     The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint, therefore, the same are denied.

48.     It is denied that the RBS Defendants were unresponsive to Attorney McCalman. It is further denied that Defendants directly communicated with Plaintiff without the knowledge and consent of Attorney McCalman, as shown in Exhibit 1 attached hereto and incorporated herein by reference.  It is admitted that Attorney McCalman engaged in several communications with the RBS Defendants during his representation of Plaintiff and was, typically, responsive to communications made by the RBS Defendants or any of them.  Any and all remaining allegations contained in Paragraph 48 of the Amended Complaint are denied.

49.     It is admitted that Plaintiff, who is herself a licensed attorney, filed a "Temporary Restraining Order Preliminary Injunction."  It is denied that Plaintiff or counsel for Plaintiff filed a Notice of Hearing or Calendar Request to set such Motion for hearing.  The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Amended Complaint, therefore, the same are denied.

50.     Admitted.

51.     It is admitted that, on April 2, 2014, the court denied Attorney McCalman's request to withdraw from further representation of Plaintiff.  The RBS Defendants lack

11

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint, therefore, the same are denied.

52.     It is denied that Defendant Taliercio stated that Defendant Oakbrooke had no intention of reselling the Property or that it was not set up to manage property. Any and all remaining allegations contained in Paragraph 52 of the Amended Complaint are admitted.

53.     It is admitted that a Foreclosure of Lien was filed with the Clerk of Superior Court on June 10, 2013, File No. 13-M-4367. It is admitted that, on April 2, 2014, the Property was still registered in Plaintiff's name and that no lien had been recorded with the register of deeds, as there is no requirement to file a foreclosure lien with the register of deeds.  The RBS Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 53 of the Amended Complaint, therefore, the same are denied.

54.     The RBS Defendants hereby reallege and incorporate by reference each and every answer and response contained in Paragraphs 1 through 53 above with like effect as if herein fully set forth.

55.     The allegations set forth in Paragraph 55 of the Amended Complaint call for a legal conclusion and, therefore, no response is required.

56.     It is admitted that Defendant Chase was notified, via email, on December 4, 2013, that Plaintiff had just retained counsel in the foreclosure proceeding.  It is further admitted that Defendants RBS and Chase served on Plaintiff, who is herself a licensed attorney, written Notice of Postponement of Foreclosure Sale on December 10, 2013 and January 14, 2014, as required by N.C. Gen. Stat §45-21.21, and that a copy of the same were also sent to Attorney McCalman even though he had not made a formal appearance in the proceedings.  It is admitted that prior to

January 13, 2014, Attorney McCalman consented to the RBS Defendants communicating directly with Plaintiff, as shown by the emails attached hereto as Exhibit 1. It is further admitted that on February 24, 2015, Defendants RBS and Chase served on Attorney McCalman and Plaintiff a Report of Foreclosure Sale/Resale. Any and all remaining allegations contained in Paragraph 56 of the Amended Complaint are denied.

57.     It is admitted that the RBS Defendants and Attorney McCalman communicated with one another. It is denied that the RBS Defendants directly communicated with Plaintiff without the knowledge and consent of Attorney McCalman, as shown in Exhibit 1 attached hereto and incorporated herein by reference. Any and all remaining allegations contained in Paragraph 57 of the Amended Complaint are denied.

58.     It is denied that the RBS Defendants directly communicated with Plaintiff without the knowledge and consent of Attorney McCalman, as shown in Exhibit 1 attached hereto and incorporated herein by reference. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 of the Amended Complaint, therefore, the same are denied.

59.     The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint, therefore, the same are denied.

60.     It is admitted that Plaintiff, an attorney licensed to practice within the State of North Carolina, hired a second attorney in the foreclosure proceeding. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 of the Amended Complaint, therefore, the same are denied.

13

61.     It is admitted that Plaintiff seeks damages against Defendants as alleged in Paragraph 61 of the Amended Complaint.  It is denied that Plaintiff is entitled to any such damages from the RBS Defendants.  Any and all remaining allegations contained in Paragraph 61 of the Amended Complaint are denied.

62.     The RBS Defendants hereby reallege and incorporate by reference each and every answer and response contained in Paragraphs 1 through 61 with like effect as if herein fully set forth.

63.     The allegations contained in Paragraph 63 of the Amended Complaint call for a legal conclusion for which no response is required.

64.     Denied.

65.     Denied.

66.     The allegations contained in Paragraph 66 of the Amended Complaint call for a legal conclusion for which no response is required.

67.     Denied.

68.     Denied.

69.     The allegations contained in Paragraph 69 of the Amended Complaint call for a legal conclusion for which no response is required.

70.     It is denied that the RBS Defendants made threats to Plaintiff or her counsel.  The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Amended Complaint, therefore, the same are denied.

14

71. It is denied that the RBS Defendants made threats to Plaintiff or her counsel. It is admitted that Plaintiff, who is herself a licensed attorney, filed a Motion for a Temporary Restraining Order in the foreclosure proceeding. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the Amended Complaint, therefore, the same are denied.

72. It is admitted that a hearing was held on April 2, 2014 and that Defendant Taliercio attended the same. Any and all remaining allegations contained in Paragraph 72 of the Amended Complaint are denied.

73. Admitted.

74. It is admitted that Plaintiff seeks damages against the RBS Defendants. It is denied that Plaintiff is entitled to any such damages from the RBS Defendants. Any and all remaining allegations contained in Paragraph 74 of the Amended Complaint are denied.

75. The RBS Defendants hereby reallege and incorporate by reference each and every answer and response contained in Paragraphs 1 through 74 with like effect as if herein fully set forth.

76. The allegations contained in Paragraph 76 of the Amended Complaint call for a legal conclusion for which no response is required.

77. The allegations contained in Paragraph 77 of the Amended Complaint call for a legal conclusion for which no response is required.

78. The allegations contained in Paragraph 78 of the Amended Complaint are not directed at the RBS Defendants and, therefore, no response is required. To the extent a response is required, denied.

15

79. The allegations contained in Paragraph 79 of the Amended Complaint call for a legal conclusion for which no response is required.

80. The allegations contained in Paragraph 80 of the Amended Complaint are not directed at the RBS Defendants and, therefore, no response is required. To the extent a response is required, denied.

81. The allegations contained in Paragraph 81 of the Amended Complaint call for a legal conclusion for which no response is required.

82. The allegations contained in Paragraph 82 of the Amended Complaint are not directed at the RBS Defendants and, therefore, no response is required. To the extent a response is required, denied.

83. The allegations contained in Paragraph 83 of the Amended Complaint are not directed at the RBS Defendants and, therefore, no response is required. To the extent a response is required, denied.

84. The allegations contained in Paragraph 84 of the Amended Complaint are not directed at the RBS Defendants and, therefore, no response is required. To the extent a response is required, denied.

85. The RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Amended Complaint, therefore, the same is denied.

86. It is denied that Oakbrooke is a debt collector. It is further denied that Defendant Taliercio made any statements on April 2, 2014 that Defendant Oakbrooke had no intention to transfer ownership of the Property to itself or any other party or that Defendant Oakbrooke had

16

no structure set up for managing properties. The remainder of the allegations contained in Paragraph 86 of the Amended Complaint are not directed at the RBS Defendants and, therefore, no response is required. To the extent a response is required, denied.

87. The allegations contained in Paragraph 87 of the Amended Complaint are not directed at the RBS Defendants and, therefore, no response is required. To the extent a response is required, denied.

88. It is admitted that Plaintiff seeks damages against the RBS Defendants. It is denied that Plaintiff is entitled to any such damages from the RBS Defendants. Any and all remaining allegations contained in Paragraph 88 of the Amended Complaint are denied.

## FIRST AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer above as if restated herein. As alleged herein, the RBS Defendants received permission from Plaintiff's counsel to communicate directly with Plaintiff, who is herself a graduate of the Wake Forest University School of Law and attorney licensed to practice law in the State of North Carolina. As such Plaintiff's claims for relief are barred.

## SECOND AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and First Affirmative Defense above as if restated herein. In situations where a communication is sent directly to a debtor pursuant to or as required by state law, the "cease communications" provisions of the FDCPA are not violated. N.C. Gen. Stat. § 45-21, *et. seq.* requires that the record owner of real property must be served with notices in a foreclosure proceeding. Specifically, N.C. Gen. Stat. § 45-21.16 requires that notice of a foreclosure hearing

17

must be served upon "[e]very record owner of the real estate whose interest is of record in the county where the real property is located at the time the notice of hearing is filed in that county." Notice of the sale of real property must be mailed "by first-class mail at least 20 days prior to the date of sale to each party entitled to notice of the hearing provided by G.S. 45-21.16 whose address is known to the trustee or mortgagee and in addition shall also be mailed by first-class mail to any party desiring a copy of the notice of sale who has complied with G.S. 45-21.17A." N.C. Gen. Stat. § 45-21.17. If a foreclosure sale is postponed, written or oral notice of postponement must be sent to "each party entitled to notice of sale." N.C. Gen. Stat. §45-21.21. The RBS Defendants were, in their representation of Defendant Oakbrooke, required by statute to communicate directly with Plaintiff through the written notices provided and complaint of regarding her foreclosure and, therefore, Plaintiff is entitled to no relief from the RBS Defendants.

## THIRD AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations. Specifically, Plaintiff alleges that she suffered damages as a result of alleged misrepresentations to the Court in the Affidavit of Service, Posting, Military Service, Record Ownership and Efforts of Loss Mitigation filed in the Foreclosure Action on or about August 26, 2013. Plaintiff did not initiate this Federal Action until November 5, 2014, more than one year after the Affidavit was submitted to the State Court. Thus, any claims for violations of the FDCPA relating to the Affidavit are barred by the one year statute of limitations and should be denied.

18

## FOURTH AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. The RBS Defendants deny any violation of the FDCPA. If this Court determines that any action of the RBS Defendants, or any of them, were violations of the FDCPA, the RBS Defendants plead the "bona fide error" defenses pursuant to 15 U.S.C. §1692k(c). At no time did the RBS Defendants, or any of them, act intentionally to violate the FDCPA and, furthermore, at all times relevant hereto, the RBS Defendants had in place procedures reasonably adapted to avoid the errors alleged by Plaintiff. As such, Plaintiff is entitled to no relief from the RBS Defendants.

## FIFTH AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. Therefore, Plaintiff is entitled to no relief from the RBS Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. Plaintiff failed to mitigate her actual damages, including alleged lost wages, medical expenses, and attorney's fees, and is, therefore, not entitled to recover for such alleged damages.

19

## SEVENTH AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. Plaintiff's claims for relief are barred by the doctrines of waiver, estoppel and laches.

## EIGHTH AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. Plaintiff's claims for actual damages, including alleged lost wages, medical expenses, and attorney's fees are barred by her unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. To the extent that Plaintiff has suffered any damages, which is expressly denied, Plaintiff has received compensation for such alleged damages. Therefore, Plaintiff is entitled to no relief from the RBS Defendants.

## TENTH AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. The acts of the RBS Defendants, or any of them, are not the proximate cause of any damage purportedly suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The RBS Defendants hereby reallege and incorporate the allegations contained in the Answer and Affirmative Defenses above as if restated herein. Plaintiff's claims against the RBS

20

Defendants are, upon information and belief, brought in bad faith and solely for the purpose of harassing the RBS Defendants. As such, pursuant to 15 U.S.C. §1692k(a)(3), the RBS Defendants are entitled to recover their attorney's fees from Plaintiff.

WHEREFORE, Defendants respectfully request:

1.      That the Court deny all of the relief request by Plaintiff in her Complaint;

2.      The costs of this action, including reasonable attorney's fees as allowed by law, be taxed against Plaintiff;

3.      A jury trial be had on all issues; and

4.      That the Court grant them such other and further relief as it deems just and proper.

This the 23rd day of September, 2015.

/s/ Emily J. Meister
North Carolina State Bar No. 28682
/s/ Jennifer L. Reutter
North Carolina State Bar No. 41550
*Attorneys for Defendants Margaret M. Chase, Michael C. Taliercio and Rossabi Black Slaughter, P.A.*
ROSSABI BLACK SLAUGHTER, P.A.
Post Office Box 41027
Greensboro, North Carolina  27404-1027
Telephone:  (336) 378-1899
Email:  emeister@lawfirmrbs.com
         jreutter@lawfirmrbs.com

21

## CERTIFICATE OF SERVICE

I hereby certify that I served the following non-CM/ECF participants by depositing a copy of same with the United States Postal Service, first-class postage prepaid, and addressed as follows:

> Ms. Munje Foh
> 1545 North Faulkland Lane, Apt. 224
> Silver Spring, Maryland 20910

This the 23rd day of September, 2015.

> /s/ Jennifer L. Reutter
> North Carolina State Bar No. 41550
> *Attorney for Defendants Margaret M. Chase,*
> *Michael C. Taliercio and Rossabi Black Slaughter,*
> *P.A.*
> ROSSABI BLACK SLAUGHTER, P.A.
> Post Office Box 41027
> Greensboro, North Carolina  27404-1027
> Telephone:  (336) 378-1899
> Email:  jreutter@lawfirmrbs.com

22